UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-Civ-22977-LENARD
MAGISTRATE JUDGE P.A. WHITE

RAUL CARRILLO,                    :

    Petitioner,               :

v.                                :          REPORT OF
                                             MAGISTRATE JUDGE
WALTER A. McNEIL,                 :

    Respondent.               :

_____

## I. Introduction

Raul Carrillo, who is presently confined at Martin Correctional Institution in Indiantown, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 00-15008, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause and appendix of exhibits, and Carrillo's reply.

## II. Procedural History

Carillo was indicted for first-degree murder with a firearm and aggravated stalking with a firearm for shooting his girlfriend after she ended their relationship. [DE# 9, App. A at 13].

1

During jury selection the following transpired between the trial court and a venire member number three, Mr. Soule:

THE COURT: Anything about any of those incidents [where the juror was or knew someone who was a crime victim] that affect your ability to be fair and impartial in this case?

MR. SOULE: I can't answer it that way.

THE COURT: You must answer it that way.

MR. SOULE: I'm sorry.

THE COURT: I don't mean to put you on the spot but his is the only opportunity we get to explore some of your life experiences with you and an answer like 'I don't know,' while it may be very honest and an appropriate answer because it probably is the first time you've been asked this question, you haven't had a chance to reflect on it, and answer like 'I don't know, I don't think so' may not be conclusive enough for us.

...

[Can you set aside your experiences and be fair and impartial?]

MR. SOULE: I honestly do not believe that those life experiences would affect my ability in this case.

THE COURT: Okay, thank you.

MR. SOULE: But I don't think so. I do have a question, your Honor.

THE COURT: Okay.

MR. SOULE: You mention that this is a murder trial and that the death penalty is not on the table. Why is that, sir?

THE COURT: Because it is.

MR. SOULE: We'll never know.

2

THE COURT: No, you'll never know.

MR. SOULE: I don't mind if you answer the question.

THE COURT: The state of Florida does not seek the death penalty in this case. It's as simple as that.

[DE# 9, App. T at 195-96].

Later, when defense counsel was questioning the venire about the credibility of a witness who had been convicted of a felony, Mr. Soule stated "You have to weigh that in your consideration. Just as it is said in the instruction you read, you have to weigh that into consideration." [DE# 9, App. T at 724].

The prosecutor sought to exercise a peremptory strike against Mr. Soule and proffered a gender-neutral reason even though the trial court erroneously stated males are not a suspect class:

MS. FRANK: Strike No. 3.

...

MR. JEPEWAY: Juror 3. Your Honor, I object. He's a man. She wants to get more women on the jury. And he's been sitting there since we began and there is absolutely no answer he gave that would even hint to be anything other than an excellent juror. He was mature and very experienced.

THE COURT: Yeah. But he's not part of any suspect class for which to raise any Neil/Slappy Melbourne inquiry.

MS. FRANK: Judge, just for the record, he actually affirmatively asked why the death penalty is not on the table, He muttered under his breath in response thereto, which I noted. He also --

MR. JEPEWAY: What was his -- I didn't hear his response.

THE COURT: Nobody here did.

MS. FRANK: And about the convicted felon testifying.

3

...

The court even asked him just for the record.

MR. JEPEWAY: What was that about? What was the last one? She's not speaking up.

THE COURT: That he muttered under his breath on the response to the death penalty being put on the table. There wasn't any from him.

MS. FRANK: He actually raised it in front of the question of --

MR. JEPEWAY: What's wrong with that? That's a very legitimate question.

MS. FRANK: It's not a legitimate question for someone on this jury, Judge.

THE COURT: That's the State's eighth.

[DE# 9, App. T at 764-65].

Following trial, the court adjudicated Carrillo guilty as charged and sentenced him to life imprisonment with fifty years minimum mandatory for the murder and five years for the stalking, concurrent. [DE# 9, App. A at 228, 231].

On appeal, Carrillo argued the trial court erroneously concluded males are not a class protected from discrimination during jury selection. He argued that, although the State proffered a neutral reason for the strike, the court never made a determination whether that reason was pretextual and this error required a new trial. [DE# 9, App. B].

The Third District Court of Appeal affirmed. Despite the trial court's comment that males are not a suspect class, the State offered a gender-neutral reason for the strike and the trial court engaged counsel in a discussion regarding the genuineness of that

4

reason. Based on the State's proffer and the ensuing discussion, the Third District concluded the trial court implicitly underwent a genuineness inquiry and found the State's proffered reason to be non-pretextual:

> Despite the trial court's off-the-cuff remark [that men are not part of a suspect class], the State offered a gender-neutral reason for the strike, and the trial court engaged in a discussion with counsel regarding the genuineness of the strike. Specifically, the State expressed its concerns with the juror's question about the reason the State did not seek the death penalty, and the juror's comment in response to a voir dire inquiry that a convicted felon is not a very reliable witness. While the trial court in the instant case was incorrect that men are not a suspect class, the State's proffer of a gender-neutral reason for the strike and the ensuing discussion with the Court, affirmatively indicate that the trial court implicitly underwent a genuineness inquiry and found the State's proffered reason to be non-pretextual.

Carrillo v. State, 962 So. 2d 1013 (Fla. 3d DCA 2007) (3D05-975).

The Florida Supreme Court declined to accept jurisdiction and denied Carrillo's petition for review on November 26, 2007. Carrillo v. State, 973 So. 2d 1119 (Fla. 2007).

Carrillo filed the instant petition on October 14, 2008.[1] He

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

raises the same jury selection issue he raised in State court.

### III. Statute of Limitations and Exhaustion

The Respondent correctly concedes the petition was timely filed and the claim was exhausted in State court.

### IV. Standard of Review

Section 104(d) of the AEDPA provides that a prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the decision of the state court was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams v. Taylor, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). The state court does not need to cite Supreme Court decisions and the state court need not

6

even be aware of the Supreme Court cases. <u>See</u> <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Parker v. Sec'y, Dep't of Corr.</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. <u>Id.</u> Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1); <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2001). This presumption applies equally to factual determinations made by state trial and appellate courts. <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003).

In the instant case, Carrillo alleges the trial court violated his constitutional rights by committing a jury selection error. The United States Supreme Court laid out a three-part test to evaluate the validity of challenges to peremptory strikes in <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). First, a moving party must make a prima facie showing that a peremptory challenge has been exercised on the basis of race or gender. <u>Id.</u> at 95-97. Once this requirement has been satisfied, the non-moving party must offer a race or gender-neutral basis for striking the juror in question. <u>Id.</u> at 97-98. This reason need not be persuasive or even plausible so long as it is not inherently discriminatory. <u>Purkett v. Elem</u>, 514 U.S. 765, 767-68 (1995). Third, in light of both parties' submissions, the trial court must determine whether the moving party has shown purposeful discrimination. <u>Batson</u>, 476 U.S. at 98. This final step involves evaluating "the persuasiveness of the justification" proffered by the prosecutor, but "the ultimate burden of persuasion" regarding discriminatory motivation never shifts from the opponent of the strike. <u>Purkett</u>, 514 U.S. at 768; <u>see</u> <u>Rice v.</u>

<u>Collins</u>, 546 U.S. 333, 338 (2006).

Carrillo is not entitled to habeas relief unless he can demonstrate the State court's finding that there was no purposeful discrimination was incorrect by clear and convincing evidence and that the corresponding factual determination was objectively unreasonable in light of the record. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 348 (2003); <u>McNair v. Campbell</u>, 416 F.3d 1291, 1310 (11th Cir. 2005).

V. Discussion

The State court's finding the peremptory challenge at issue was not motivated by discrimination is not contrary to or an unreasonable application of <u>Batson</u>.

The trial court erred when it stated males are not protected from discrimination during jury selection. <u>See</u> <u>J.E.B. v. Ala. ex rel T.B.</u>, 511 U.S. 127 (1994) (intentional discrimination based on gender violates equal protection). However, this statement did not end the matter. The State proffered gender-neutral reasons to support the strike, that is, the venire member's persistent curiosity about why the death penalty was not being considered and comment about weighing a convicted felon's testimony. Defense counsel did not explain why these reasons were pretextual or compare the juror at issue to a similar female juror who the State did not strike. Based on the foregoing, the State appellate court concluded that the trial court implicitly considered whether the proffered reasons were pretextual and concluded they were not.

The record, which indicates the juror at issue tenaciously questioned the trial court about the death penalty, and commented on a convicted felon's credibility, supports the State court's

finding of a neutral reason. Defense counsel failed to refute that reason by comparing the stricken juror to similar jurors who remained on the jury. See Atwater v. Crosby, 451 F.3d 799, 807 (11th Cir. 2006) ("Although [defendant] presented comparative evidence of discrimination to the post-conviction courts and in his petition for habeas relief, conspicuously absent from the trial record is some argument or evidence of comparability at the time that the Batson challenge was made to refute the prosecutor's reason for the strike."); United States v. Alston, 895 F.2d 1374, 1374-75 (11th Cir. 1990) ("The lesson to claimants of Batson violations and prosecutors is that comparisons must be made between the black jurors removed from jury service and the white jurors remaining for service."). The State appellate court's finding the trial court implicitly found the reason to be genuine is based on a reasonable determination of the facts and is not contrary to or an unreasonable application of Batson. See Valle v. Sec'y, Dep't of Corr., 459 F.3d 1206 (11th Cir. 2006) (denying habeas where the prosecutor voluntarily proffered neutral reasons even though the trial court asked for no neutral reasons and made no findings, and the State appellate court found the defendant failed to show it was likely the challenges were used in a discriminatory manner and the reasons given were not contrary to federal law at the time); McNair v. Campbell, 416 F.3d 1291, 1311 (11th Cir. 2005) (no showing of discrimination in the totality of the circumstances where defendant offered virtually no evidence that the prosecutor's legitimate reasons were pretextual; defendant's challenges in that regard were merely speculation lacking any persuasive force).

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge

within ten days of receipt of a copy of the report.

SIGNED this 9th day of September, 2009.

_____

UNITED STATES MAGISTRATE JUDGE

cc:  Raul Carrillo, pro se
     DC# B02730
     Martin Correctional Institution
     1150 SW Allapattah Road
     Indiantown, FL 34956-4397

     Michael C. Greenberg, AAG
     Office of the Attorney General
     444 Brickell Ave., Suite 650
     Miami, FL 33131