UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22977-CIV-LENARD/WHITE

**RAUL CARRILLO**,

    Petitioner,

v.

**WALTER A. MCNEIL**, Secretary,
Florida Department of Corrections**,**

    Respondent.
_____/

## ORDER GRANTING MOTION FOR CERTIFICATE OF APPEALABILITY (D.E. 23)

**THIS CAUSE** is before the Court on Petitioner Raul Carrillo's Motion for Certificate of Appealability, as construed from his Notice of Appeal ("Motion for COA," D.E. 23), filed on October 4, 2010. Petitioner's Motion for COA, which appeals the Court's July 23, 2010, Order, may be granted "only if [Petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Edwards v. United States, 114 F.3d 1083, 1084-85 (11th Cir. 1997) (citing 28 U.S.C. sec. 2253(c)). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Having considered Petitioner's constitutional claims, it is hereby **ORDERED AND ADJUDGED** that Petitioner's Motion for Certificate of Appealability is **GRANTED** and a Certificate of Appealability **SHALL ISSUE** pursuant to 28 U.S.C. sec. 2253(c) on the issue of whether the

state appellate court unreasonably applied federal law in (1) its determination that the trial court implicitly performed the third step under Batson v. Kentucky, 467 U.S. 79 (1986) and (2) its determination that no violation of Batson and its progeny occurred, in affirming Petitioner's conviction.[1]

---

[1] On July 23, 2010, the Court adopted the Magistrate Judge's Report and Recommendation and denied the petition for writ of habeas corpus. (See D.E. 19.) On August 25, 2010, Petitioner filed his Motion for Extension of Time, which the Court construed as a motion for an extension of time to file his appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (See D.E. 20.) Pursuant to that rule, the Court granted Petitioner's motion on September 3, 2010, and he was given until September 22, 2010, to file his notice of appeal. (See D.E. 21 (noting that "[p]ursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, no extension may exceed 30 days after the time prescribed by Rule 4(a) has expired or 14 days after the date when the order granting the motion is entered, whichever is later.") On October 4, 2010, Petitioner filed his Notice of Appeal (D.E. 22), wherein he indicates he may not have received the Court's September 3, 2010, Order granting his extension of time until September 27, 2010. Additionally, the Court notes that Rule 4(a)(6) of the Federal Rules of Appellate Procedure, which governs motions to reopen the time to file an appeal, also limits the amount of time a district court may afford for the filing of an appeal and states, "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the Court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Thus, although the Court expresses no opinion as to the timeliness of Petitioner's appeal, it appears that no matter how the Court construed Petitioner's Motion for Extension of Time, his Notice of Appeal may be untimely.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of October, 2010.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**